■ In the Matter of VICTOR B. COSTER, JR., Respondent, v STEVEN LEWINS, Appellant, and ALBERT T. HAYDUK et al., Constituting the Board of Elections of the County of Westchester, Appellants-Respondents.—In a proceeding, *inter alia,* to invalidate a petition designating Steven Lewins as a candidate in the Democratic Party primary election to be held on September 9, 1980, for the public office of Town Councilman, Town of Cortlandt, the appeals are from a judgment of the Supreme Court, Westchester County, dated August 14, 1980, which, *inter alia,* granted the application but

---

* In fact, as indicated there is no proof that such service was ever effected.

directed the Board of Elections to "afford the [enrolled members of the] Democratic Party the opportunity to ballot by permitting them to write in the names of candidates for the office of Town Councilman". Judgment affirmed, without costs or disbursements. Special Term did not abuse its discretion in denying the motion of Steven Lewins to amend his answer to allege facts purporting to show that petitioner had no standing to institute this proceeding. The motion was not made until after two hearings had been concluded. We are in accord with Special Term's invalidation of Lewins' designating petition (see *Matter of Finneran v Hayduk,* 64 AD2d 937, affd 45 NY2d 797; *Matter of Vari v Hayduk,* 42 NY2d 980; *Matter of Rutter v Coveney,* 38 NY2d 993; *Matter of Blue v Wilkins,* 71 AD2d 935). The invalidation of Lewins' petition would have the effect of depriving the enrolled members of the Democratic Party in the Town of Cortlandt of the opportunity to name a candidate for Town Councilman and would have thus effectively disenfranchised them with respect to this public office in the November election. Under all of the circumstances, Special Term's further directive that the Board of Elections afford the enrolled members of the Democratic Party the opportunity to ballot by permitting them to write in the names of candidates for the office of Town Councilman was a proper and valid exercise of its authority *(Matter of Hunting v Power,* 20 NY2d 680; *Matter of Brown v Ulster County Bd. of Elections,* 48 NY2d 614). Mollen, P. J., Damiani, Mangano, Gulotta and Weinstein, JJ., concur.